UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

**ALANCEN ("LANCE") SROUFE**

        Plaintiff,

v.

**BOSQUE DISPOSAL SYSTEMS, LLC d/b/a BOSQUE SYSTEMS, LLC**

        Defendant.

**COMPLAINT AND JURY DEMAND**

Plaintiff, Alancen ("Lance") Sroufe, by and through his attorneys, HKM Employment Attorneys LLP, for his Complaint against Defendant Bosque Disposal Systems, LLC d/b/a Bosque Systems, LLC ("Defendant", "Bosque," or the "Company") states and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an employment discrimination case arising from Defendant's discrimination and wrongful termination of Plaintiff, based on his actual and/or perceived disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 – 12117 ("ADA") and CADA, C.R.S. § 24-34-401.

**PARTIES**

2. Plaintiff is and, at all times relevant to the Complaint, was a resident of Colorado. At all relevant times, Plaintiff was an "employee" as contemplated by CADA, C.R.S. § 24-34-401.

3. Defendant Bosque is a Texas Foreign Limited Liability Company conducting business within the State of Colorado. Plaintiff worked for Bosque in Colorado out of its location at 16959 Co

1

Rd 44, Unit E, La Salle, Colorado 80645. At all relevant times, Defendant was an "employer" within the meaning of CADA, C.R.S. § 24-34-401.

## JURISDICTION AND VENUE

4. Plaintiff incorporates by reference the above paragraphs as though set forth separately herein.

5. Plaintiff brings this action under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 – 12117 ("ADA"), and the Colorado Anti-Discrimination Act, as amended, C.R.S. § 24-34-402, *et seq.* ("CADA").

6. This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5(f)(3), and 29 U.S.C. § 626(c).

7. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367, as such claims arise out of the same case or controversy as Plaintiff's ADA claims.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the employment practices and other conduct alleged to be unlawful occurred in this District.

## ADMINISTRATIVE REMEDIES HAVE BEEN EXHAUSTED

9. Plaintiff dually filed his initial Charge of Discrimination Number FE2019377149 with the Colorado Civil Rights Division ("CCRD") and the Equal Employment Opportunity Commission ("EEOC") Number 32A-2019-00572 for disability and perceived disability discrimination on June 3, 2019. Plaintiff was issued a Notice of Right to Sue with respect to Charge Number FE2016780128(CCRD) on January 28, 2020; and a Notice of Right to Sue with respect to Charge Number 32A-2017-00129(EEOC) on April 9, 2020 pursuant to 29 U.S.C. § 626(e) and 42 U.S.C. § 2000e-5(f)(1).

10. Plaintiff has met all administrative prerequisites prior to filing this action.

## FACTUAL ALLEGATIONS

11. Plaintiff incorporates by reference the above paragraphs as though set forth separately herein.

12. Plaintiff was hired by Defendant on or around January 21, 2019.

13. Plaintiff's last position while he was employed by Defendant was as a field technician until he was wrongfully discharged on or about February 2, 2019.

14. At all relevant times during his employment with Defendant, Plaintiff performed his job duties satisfactorily or better.

15. Mr. Sroufe's general job duties included reading gauges, getting numbers off gauges, measuring fluid levels, and other non-physical field work.

16. On or around February 2, 2019, Mr. Sroufe called his manager, Khiry Marzette, to verify his work schedule.

17. When Mr. Sroufe spoke to him, Mr. Marzette asked, "Do you have a prosthetic leg?" Mr. Sroufe confirmed that he did have a prosthetic leg.

18. Mr. Marzette immediately said, "I can't have you on the rig you are a liability." Mr. Marzette told Mr. Sroufe to turn in all of his stuff to the shop because he was terminated.

19. Despite Mr. Sroufe performing well at his job and not having any physical limitations related to performing his duties with his prosthetic leg, the Company terminated his employment because of his actual and/or perceived disability.

**FIRST CLAIM FOR RELIEF**

**(Actual Disability Discrimination in Violation of the Americans with Disabilities Act of 1990 ("ADA") and CADA)**

20. Plaintiff incorporates by reference the above paragraphs as though set forth separately herein.

21. At the time of his termination, Plaintiff was qualified to perform his job duties and could perform the essential functions of his job with or without accommodation.

22. At all times relevant to this case, Plaintiff had an actual disability and he is therefore protected by the ADA, 42 U.S.C. §§ 12101 – 12117 and CADA.

23. Under the ADA, "major life activity" and "substantial limitation" are construed as broadly as possible.

24. Under the ADA, Plaintiff's disability must be assessed in its active state, even if the impairment is episodic or in remission and would not substantially limit a major life activity when inactive. 42 U.S.C. § 12102(4)(D); 29 C.F.R. § 1630.2(j)(1)(vii). Plaintiff's disability must also be assessed without regard to mitigating measures such as medical treatments, or assistive or prosthetic devices. 42 U.S.C. § 12102(4)(E)(i); 29 C.F.R. § 1630.2(j)(1)(vi).

25. In its active state, Plaintiff's amputee status is a disability as defined by the ADA because it is a physical impairment that would substantially limit him in various major life activities, such as performing manual tasks, walking, standing, and lifting.

26. In addition, Plaintiff's amputee status is a disability as defined by the ADA because it affects the operation of a major bodily function including musculoskeletal functions.

27. Plaintiff would be substantially limited in one or more major life activities due to his amputee status as compared to the average person in the general population.

28. Defendant knew about Plaintiff's amputee status and his prosthetic leg at the time of his termination.

29. Defendant violated the ADA and CADA by discriminating against and terminating Plaintiff, a qualified individual, on the basis of his known disability, i.e., because of his amputee status.

30. Defendant's above-described conduct was intentional.

31. Defendant's above-described conduct was done with malice or reckless indifference to Plaintiff's federally protected rights.

32. As a direct and proximate result of Defendant's above-described actions, Plaintiff has suffered damages, including lost wages and benefits, emotional pain and suffering, embarrassment, and inconvenience; and he is entitled to such general and special damages, economic damages, punitive damages and attorneys' fees and costs as permitted by law.

## SECOND CLAIM FOR RELIEF

**("Regarded as" Disability Discrimination in Violation of the Americans with Disabilities Act of 1990 ("ADA") and CADA)**

33. Plaintiff incorporates by reference the above paragraphs as though set forth separately herein.

34. At the time of his termination, Plaintiff was qualified to perform his job duties.

35. In the alternative to the Court finding that Plaintiff suffered from and was terminated due to an actual disability, i.e., his amputee status; Plaintiff contends that Defendant terminated him because Defendant regarded Plaintiff's amputee status as a perceived impairment that substantially limited one or more major life activities.

36. Plaintiff's supervisor at the Company knew about Plaintiff's prosthetic leg and specifically asked him about it, immediately told him that he was a "liability," and then terminated him because of it in the very same conversation with no discussion about limitations related to his prosthetic leg, if any.

37. As such, the Company regarded Plaintiff's amputee status as a disability that substantially limited Plaintiff's ability to work and/or limited one or more major life activities, and allegedly caused a "liability", which is an inaccurate and biased perception.

38. Defendant violated the ADA and CADA by discriminating against and terminating Plaintiff because Defendant regarded Plaintiff as suffering from a disability (Plaintiff's amputee status) that substantially limited his ability to work and/or limited one or more major life activities.

39. Defendant's above-described conduct was intentional.

40. Defendant's above-described conduct was done with malice or reckless indifference to Plaintiff's federally protected rights.

41. As a direct and proximate result of Defendant's above-described actions, Plaintiff has suffered damages, including lost wages and benefits, emotional pain and suffering, embarrassment, and inconvenience; and he is entitled to such general and special damages, economic damages, punitive damages and attorneys' fees and costs as permitted by law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor against Defendant and order the following relief as allowed by law:

A. Compensatory damages, including but not limited to those for emotional distress, inconvenience, and mental anguish;

B. Back pay and benefits;

C.       Front pay and benefits;

D.       Punitive damages;

E.       Attorneys' fees and costs of this action, as permitted by law;

F.       Pre-judgment and post-judgment interest at the highest lawful rate; and

G.       Such further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury to at least six persons on all issues so triable.

Respectfully submitted this 10th day of April, 2020.

**HKM EMPLOYMENT ATTORNEYS LLP**

By: *s/ Sarah A. Schreiber*
Sarah A. Schreiber (37767)
Claire E. Hunter (39504)
HKM Employment Attorneys LLP
730 17th Street, Suite 750
Denver, Colorado 80202
(720) 668 - 8989
sschreiber@hkm.com
chunter@hkm.com
*Attorneys for Plaintiff Alancen ("Lance") Sroufe*